4-3481

Opinion delivered June 4, 1934.

*Edward Gordon,* for appellant.

*Henry Donham, R. E. Wiley* and *Cooper Jacoway,* for appellee.

JOHNSON, C. J.  On January 10, 1931, the People's Bank & Trust Company, of Morrilton, Arkansas, by and through its president, J. S. Moose, and its cashier, Benton Garrett, executed, acknowledged and delivered its warranty deed by which it conveyed to Howard and Melbourne Moose, sons of J. S. Moose, real estate of the book value of $13,500 belonging to it.  The deed reciting a consideration of $13,500 cash in hand paid.  Thereafter on January 20, 1931, the grantees in said deed executed, acknowledged and delivered their real estate mortgage upon all lands described in said deed to H. M. Jacoway.  This mortgage was conditioned for the due and prompt payment of a recited indebtedness aggregating $12,400.  Immediately after the execution and delivery

of the mortgage and accompanying notes the mortgagee and payee therein transferred and assigned the same to the Harvey Investment Company of El Paso, Texas.

After the transactions heretofore recited, the People's Bank & Trust Company became insolvent and was taken over for liquidation by Walter E. Taylor, then Bank Commissioner of this State. Thereupon this suit was instituted by Taylor, as Bank Commissioner, against J. S. Moose, Howard and Melbourne Moose and H. M. Jacoway, seeking the recovery of the real estate conveyed by said bank and to recover judgment against H. M. Jacoway for a 100 per cent. stock assessment against $2,400 in par value of the bank stock owned by the said Jacoway.

In reference to the real estate transaction, it was alleged that the conveyance by the bank to Howard and Melbourne Moose was without consideration and therefore void. In reference to the stock transaction, it was alleged that Jacoway, prior to November 30, owned $2,400 par value of the capital stock of the said People's Bank & Trust Company and that on November 17, 1930, said bank became insolvent and remained so thereafter; that in January, 1931, said Jacoway transferred his stock to J. S. Moose, who was and is insolvent; that said transfer and pretended sale was made with intent to avoid his stock assessment.

The Harvey Investment Company intervened in said cause and alleged that it purchased for value and before maturity the notes and mortgage securing same from Jacoway, and was therefore an innocent purchaser and holder; that default had been made in payments as provided in said mortgage and notes; that it therefore prayed for judgment and foreclosure.

The Mooses answered by admitting the execution of the deed, the mortgage and notes, but otherwise denying the material allegations of the complaint.

H. M. Jacoway answered by pleading purchase for value of the notes and mortgage and the transfer and assignment thereof to the Harvey Investment Company for value. Jacoway further answered that in January, 1931, when he sold his bank stock to J. S. Moose,

said bank was solvent and a going institution; and that the sale and transfer was in all things approved by the State Banking Department.

Upon the issues thus joined, a voluminous amount of testimony was taken which was not in all particulars responsive to the issues joined. The following is a concise resumé of the testimony:

Prior to November 30, H. M. Jacoway owned $2,400 par value of the capital stock of the People's Bank & Trust Company of Morrilton; that J. S. Moose and his sons, Howard and Melbourne Moose, were also stockholders in said bank, J. S. Moose being the president of said bank and in the actual charge and management thereof; that on November 17, 1930, said bank became insolvent and closed its doors to business, which condition continued until December 30, 1930, when it was opened for business under the following circumstances: More than 90 per cent. of the depositors in said bank executed stipulations by which they agreed to not withdraw any amount of their respective deposits for a period of three years; a great majority of the stockholders, including Jacoway, signed a stipulation agreeing to not sell or transfer any of their respective stock holdings in said bank until all depositors were paid in full or for a period of three years. Upon the execution of the agreements aforesaid, the State Bank Department authorized and permitted the reopening of said bank for a restricted banking business. This restricted banking business was in progress and being pursued when the stock sale was effected and when the deed to the real estate was executed. Practically uncontradicted testimony shows that the Harvey Investment Company purchased the mortgage and accompanying notes before maturity and paid full value therefor without notice of defects therein. The evidence further discloses that Walter E. Taylor, State Bank Commissioner, was advised of the stock sale by Jacoway to Moose prior to its consummation and gave his consent and approval thereto.

The evidence further shows conclusively that the bank did not receive the consideration expressed in the

deed or any part thereof. The proceeds from the sale of the mortgage to the amount of $10,000 was used by Howard and Melbourne Moose to liquidate their personal indebtedness to the bank.

The chancellor determined that the Harvey Investment Company was an innocent purchaser for value of the notes and mortgage, and decreed judgment and foreclosure accordingly; that the stock sale by Jacoway to Moose was in good faith and valid, and this appeal is therefrom.

Appellant's most serious contention for reversal is that the People's Bank & Trust Company, of Morrilton became insolvent on November 17, 1930, and continued in such condition thereafter; therefore that in January, 1931, when the stock sale and transfer was effected by Jacoway to Moose and when the deed to the real estate was executed by the bank to Howard and Melbourne Moose, the liability for the stock assessment had previously accrued against Jacoway and for the same reason the deed was void being executed subsequent to insolvency.

By act 113 of 1913 and amendments subsequent thereto, the State Banking Department was created and vested with full power and authority to authorize and supervise the opening, closing and the administration of all banks created under the laws of this State, and the State Bank Commissioner is designated as the administrator thereof. So it was when the People's Bank & Trust Company was authorized and permitted to open for business on December 30, 1930, with the assent and approval of the State Bank Commissioner, all persons dealing with said bank had a right to presume that the institution was solvent and that the officers in charge thereof were vested with authority to transact its business as authorized by law.

It follows therefore that the Harvey Investment Company is an innocent purchaser for value of the mortgage and notes, if the sale of the lands was authorized by the board of directors of said bank. See § 34, act 113, 1913, as amended by act 627, 1923. On this branch of the case it suffices to say that a great pre-

ponderance of the testimony shows that at a meeting of the board of directors held on January 10, 1931, a sale of this land was authorized. It is true the purchasers thereof may not have been designated in the authorizing resolution and said resolution may not have been in writing but these are of little significance. The minutes of the meeting should have reflected the authorizing resolution and the action of the board thereon, and this necessarily would have been a substantial compliance with the statute. At any rate, equity treats that as done which should have been done. It appears therefore that the sale of these lands was authorized by the board of directors in substantial compliance with the statute and a valid title passed by reason thereof.

Neither can appellant's contention of liability for stock assessment against Jacoway be sustained. Although a stockholder in this institution, Jacoway was not a member of the board of directors and had only such superficial knowledge of its affairs as other stockholders and citizens. He had a right to presume that the bank was solvent when it was permitted to open by authority of the State Banking Department. The stock which he owned in this bank was property and subject to sale and transfer as other property except for such restrictions as may appear in the law or be created by his own acts. Section 2 of act 102 of 1929 restricts the right of sale and transfer of bank stock by its owner by requiring the approval of such sale and transfer by the State Bank Commissioner. This approval was obtained by Jacoway prior to the sale therefore the only statutory restriction on the sale and transfer of bank stock was effectually removed. It is urged, however, that Jacoway signed a stipulation with other stockholders not to sell or transfer his stock for a period of three years or until "frozen deposits" were paid in full, and that his stipulation estops him in now asserting the validity of such sale and transfer. The first answer to this contention is that the State Bank Commissioner by his act of approving the sale and transfer waived enforcement of this stipulation. Secondly, Jacoway testified that he signed the stipulation on the express condition that all

other stockholders would do likewise. According to the chancellor's finding, this condition was never performed, and we can not say that his finding of fact in this regard is against a clear preponderance of the testimony.

It follows from what we have said that the decree must be affirmed.